# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| MELVIN MASON | § | PLAINTIFF |
|---|---|---|
| | § | |
| VS. | § | CAUSE. NO. 1:09cv156-LG-JMR |
| | § | |
| WILLIAM E. CASSADY, in his capacity as Judge in U.S. District Court; STEVEN L. KELLER, in his capacity as Veterans Law Judge, Board of Veterans Appeals; ANDREW J. MULLEN, in his capacity as Veterans Law Judge, Board of Veterans Appeals; PRINCE ARNOLD, in his capacity as Sheriff of Wilcox County/Guardian; UNKNOWN GOAT, in his capacity as Investigator for the Wilcox County Sheriff's Department; GEORGE E. ESTES, III; ESTES AND ESTES, P.A.; SANGERNETTA MASON, in her capacity as Executrix; PATRICIA ANN MASON-ROBINSON, in her capacity as Executrix; and LYNDA FAYE MASON-TERRY, in her capacity as Executrix | § § § § § § § § § § § § § § § § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are Defendant George E. Estes, III's Motion to Dismiss [11], Defendants Prince Arnold and Willie Moton's[1] Motion to Dismiss [28], and Defendants William E. Cassady, Steven L. Keller, and Andrew J. Mullen's Motion to Dismiss and Motion for Summary Judgment [59]. *Pro se* Plaintiff Melvin Mason ("Plaintiff") initiated this action alleging, among other things, that he was improperly named an heir in State chancery court proceedings, that he was subject to an unlawful search and seizure, and that he was not notified of the status of the appeal of his veterans claim. Estes argues (1) the Court lacks subject matter

---

[1]Moton alleges that he was incorrectly identified in the Complaint as "Unknown Goat." Plaintiff disputes whether Moton is the same as Goat. The body of the Complaint refers to both Moton and Goat as separate Defendants.

jurisdiction under the *Rooker-Feldman* doctrine, (2) the Complaint fails to state a claim against Estes, and (3) the Complaint fails to plead fraud with particularity. Arnold and Moton argue (4) the Court lacks personal jurisdiction over them and (5) the claims against them are barred by *res judicata*. Finally, Cassady, Keller, and Mullen argue (6) they are immune, (7) *res judicata* bars the claims against them, and (8) there is no personal jurisdiction over them. The Court has considered the parties' submissions and the relevant legal authority. Estes, Arnold, Moton, Magistrate Judge Cassady, Keller, and Mullen are dismissed without prejudice. The Court *sua sponte* dismisses without prejudice Defendant Estes and Estes, P.A., the claims against Defendants Sangernetta Mason ("Sangernetta"), Patricia Ann Mason-Robinson, and Lynda Faye Mason-Terry concerning the Chancery Court Judgment, and the official capacity claims against Goat.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Magistrate Judge Cassady, Arnold, Moton, Goat, Sangernetta, Mason-Robinson, and Mason-Terry are adult resident citizens of Alabama. Magistrate Judge Cassady is a United States Magistrate Judge for the Southern District of Alabama. He was assigned to a previous lawsuit of Plaintiff's in that court. Arnold is the Sheriff of Wilcox County, Alabama. Moton and Goat are Wilcox County Sheriff's Deputies. Sangernetta, Mason-Robinson, and Mason-Terry are Plaintiff's sisters and Executrices of the Estate of Jinkins Mason, Jr. The Estate was opened in the Chancery Court of Harrison County, Mississippi, First Judicial District. Estes is the Estate's attorney, an adult resident of Mississippi, and a member of Estes and Estes, P.A. Finally, Keller and Mullen are Judges on the Veterans Board of Appeals. They both presided over aspects of Plaintiff's case for veteran's benefits. The Complaint brings various state and

2

federal claims against the Defendants. Below, the Court will examine the claims pertinent to the instant motions.

## DISCUSSION

ESTES

The Complaint alleges that Estes and Plaintiff's sisters tried to make Plaintiff an heir to the Estate, even though he is not an heir. He also questions whether or not Jinkins is actually deceased. Plaintiff alleges that he has no interests in Mississippi. Finally, he accuses Estes of fraud in connection with a Waiver of Process. In Plaintiff's response to Estes's motion, Plaintiff adds the additional allegation that Estes and Plaintiff's sisters misrepresented to the State court that Jinkins was a widower, when he was actually survived by his wife, who was his only heir.

Estes attacks this Court's subject matter jurisdiction under the *Rooker-Feldman* doctrine. Specifically, he argues that this case is nothing more than an attempt to appeal the State court's Judgment Establishing Heirs. Plaintiff responds that since he had no prior knowledge of the Judgment, the case should be heard in this Court.

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990).

"Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). The *Rooker-Feldman* doctrine concerns a district court's subject matter jurisdiction. *Id.* Under this doctrine, a district court lacks

jurisdiction to reverse or modify a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, when "the losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," the district court lacks jurisdiction to hear such a claim. *Id.* at 291.

The State court entered the Judgment Establishing Heirs on February 7, 2008. Among other things, the Judgment found Jinkins died a widower in 2004 and held Plaintiff was an heir. Plaintiff filed this case on February 9, 2009. He claims that he is on the losing side of this Judgment, and he seeks to have this Court reverse the Judgment, both procedurally and on the merits. Because this is nothing more than an attempt to reverse a State court judgment, this Court lacks subject matter jurisdiction. Estes is therefore dismissed without prejudice, and the Court need not and cannot examine his remaining arguments. For the same reasons, the Court *sua sponte* dismisses Estes and Estes, P.A., and this claim against Plaintiff's sisters as well.

A̲R̲N̲O̲L̲D̲ ̲A̲N̲D̲ ̲M̲O̲T̲O̲N̲

The Complaint alleges claims against Arnold, in his official capacity as Sheriff of Wilcox County, Alabama and Goat and Moton in their individual and official capacities as officers of the Sheriff's Department. Plaintiff asserts federal civil rights and state law claims against these three for the way they handled a series of disputes between Plaintiff and Sangernetta. Further, he alleges that Arnold, Goat, Moton, and Sangernetta conspired, in contravention of 42 U.S.C. § 1985(2), to sabotage his car while he had a case against them in federal court in Alabama.

Arnold and Moton first argue there is no personal jurisdiction because they have no minimum contacts with Mississippi and it would be unreasonable to require them to defend this

4

here. Plaintiff responds that this Court has personal jurisdiction over Arnold and Goat, because the Court has personal jurisdiction over United States employees and subject matter jurisdiction to address Constitutional claims.

"The plaintiff bears the burden of establishing personal jurisdiction but is required to present only *prima facie* evidence." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). All relevant factual disputes are resolved in Plaintiff's favor. *Id.* In a case asserting both civil rights and state law claims against a nonresident defendant, personal jurisdiction exists (1) where the forum state's long-arm statute can reach him and (2) jurisdiction does not offend the Fourteenth Amendment's Due Process Clause. *Burstein v. State Bar of Cal.*, 693 F.2d 511, 514, 517 (5th Cir. 1982). Arnold and Moton challenge the second inquiry.

The Fourteenth Amendment requires that the exercise of personal jurisdiction "not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 517 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The court must examine "whether the defendant 'purposefully established minimum contacts in the forum State.'" *Seiferth*, 472 F.3d at 271 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). As the Fifth Circuit explained, "Personal jurisdiction can be general or specific. If a defendant's contacts with the forum state are 'continuous and systematic,' a court may exercise general jurisdiction over any action brought against that defendant." *Seiferth*, 472 F.3d at 271 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). Otherwise, a court may exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F.3d at 271.

The Court first examines whether there is specific jurisdiction in this case. This involves

5

a three step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed it[self] of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id.* The Plaintiff must satisfy the first two prongs. *Id.* Then the burden shifts to Arnold and Moton "to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id.* It is undisputed that Plaintiff cannot satisfy the second prong. The alleged torts of which Plaintiff complains occurred solely in Alabama, while these two Defendants were acting under color of Alabama law, and Plaintiff suffered damages solely in Alabama. He disclaims any interest in Mississippi. Therefore, there is no specific personal jurisdiction over Arnold and Moton.

As for general personal jurisdiction, Plaintiff alleges absolutely no Mississippi contacts by Arnold and Moton. The only contacts that are alleged or shown are those in Alabama. Therefore, the Court has no general personal jurisdiction over Arnold and Moton, and they are dismissed without prejudice.

The Court *sua sponte* dismisses the official capacity claim against Goat, since it is redundant of the claim against the Sheriff, over whom the Court has no personal jurisdiction. The individual capacity claim against Goat remains, because the Plaintiff alleges Goat is a separate defendant, which the Court must accept as true at the pleadings stage, and Goat has not challenged personal jurisdiction.

CASSADY, KELLER, AND MULLEN

The Complaint alleges that Plaintiff is owed veteran's benefits and he has been denied a

hearing with the Veterans Board of Appeals.  He alleges that Mullen, while acting as an Administrative Law Judge for the Board, denied Plaintiff due process by not letting him view his medical and military records at a hearing in Alabama.  He alleges that both Mullen and Keller, while acting as Administrative Law Judges for the Board, listed Plaintiff as a witness to hearings he did not attend.  He claims that he filed a civil action, *Mason v. Jumper*, 1:03cv787-CB-C, in the Southern District of Alabama complaining about his veteran's claim and this conduct.  His case was dismissed with prejudice "by a court which had no jurisdiction." (Compl. at 5 (¶4)).  He claims that in that case, Magistrate Judge Cassady refused to respond to the Complaint or any of Plaintiff's motions.  Magistrate Judge Cassady allegedly failed to correct Plaintiff's mailing address, so he did not receive notice of the court filings in that prior case.

I.     CASSADY

The Court must first address the jurisdictional challenges before proceeding to the remaining arguments.  *Lance*, 549 U.S. at 439.  Magistrate Judge Cassady argues there is no personal jurisdiction over him because he has no minimum contacts with Mississippi and this cause of action does not arise from any Mississippi contacts by him.  Plaintiff responds, "When Judges can be assigned to any court within the United States having jurisdiction; how can this court not have personal jurisdiction, (Judge Mullen has stated he traveled from Washington D.C. to Montgomery, Alabama for a hearing with Plaintiff. . . .)" (Pl.'s Resp. to Cassady's Mot. to Dismiss at 3).

Magistrate Judge Cassady presides in the Southern District of Alabama.  As a member of the federal judiciary, 28 U.S.C. § 1391(e) does not apply to confer personal jurisdiction upon him in this Court.  *Duplantier v. United States*, 606 F.2d 654, 663 (5th Cir. 1979).  Therefore, the

Court must examine whether personal jurisdiction otherwise exists under Mississippi's long-arm statute and due process considerations. *Burstein*, 693 F.2d at 514, 517. He challenges only the due process considerations.

It is undisputed that the complained of misconduct allegedly committed by Magistrate Judge Cassady occurred solely on Alabama and any damage that Plaintiff incurred, was confined to Alabama. As such the cause of action did not arise out of or result from any Mississippi contacts by Magistrate Judge Cassady. Therefore, the Court has no specific personal jurisdiction over him.

As for general personal jurisdiction, Plaintiff appears to argue that Magistrate Judge Cassady can be assigned anywhere in the United States. Plaintiff provides no authority or proof of this fact. Rather, it is undisputed that Magistrate Judge Cassady is assigned only to the Southern District of Alabama. No other contacts are alleged. Therefore, the Court has no general personal jurisdiction over him either, and he is dismissed without prejudice.

## II.     KELLER AND MULLEN

Even though it was not challenged by any party, the Court questions its subject matter jurisdiction over the claims against Keller and Mullen. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "[T]here is no unyielding jurisdictional hierarchy" which prevents the Court from examining subject matter jurisdiction prior to their personal jurisdiction arguments. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

Plaintiff's claims against Keller and Mullen seek to appeal the denial of his veteran's benefits and seek monetary damages. He complains of alleged procedural violations by these

8

defendants in his particular case. The Court has no authority to review the denial of veteran's benefits. 38 U.S.C. § 511(a). This is because the "decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of a mandamus or otherwise." *Id.* Under the Veterans Judicial Review Act, "[j]urisdiction to review the Board [of Veterans Appeal]'s decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decision of the Court of Veterans Appeals." *Zuspann v. Brown*, 60 F.3d 1156, 1158-59 (5th Cir. 1995). Further, "Congress expressly gave the Federal Circuit Court of Appeals 'exclusive jurisdiction' to 'interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.'" *Id.* at 1159 (quoting 38 U.S.C. § 7292(c)). "Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." *Zuspann*, 60 F.3d at 1159.

In this case, Plaintiff seeks an appeal of the Board's determination of his right to benefits. His Constitutional challenges are based solely on the Board's action in his particular case and are not a facial attack on an act of Congress. *Id.* Therefore, the Court lacks subject matter jurisdiction to review his claims against Keller and Mullen. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant George E. Estes, III's Motion to Dismiss [11] should be and is hereby **GRANTED.** He is dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Estes and Estes, P.A.,

is dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Sangernetta Mason; Patricia Ann Mason-Robinson; and Lynda Faye Mason-Terry for appeal of the Chancery Court Judgment are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Prince Arnold and Willie Moton's Motion to Dismiss [28] should be and is hereby **GRANTED.** They are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the official capacity claims against Defendant Unknown Goat are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Magistrate Judge William E. Cassady, Steven L. Keller, and Andrew J. Mullen's Motion to Dismiss and Motion for Summary Judgment [59] should be and is hereby **GRANTED.** These defendants are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 1st day of September, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE