IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MELVIN MASON** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CAUSE NO. 1:09cv156-LG-JMR** |
| § | | |
| **WILLIAM E. CASSADY, IN HIS CAPACITY AS JUDGE IN U.S. DISTRICT COURT; STEVEN L. KELLER, IN HIS CAPACITY AS VETERANS' LAW JUDGE, BOARD OF VETERANS' APPEALS; ANDREW J. MULLEN, IN HIS CAPACITY AS VETERANS' LAW JUDGE, BOARD OF VETERANS' APPEALS; PRINCE ARNOLD, IN HIS CAPACITY AS SHERIFF OF WILCOX COUNTY/GUARDIAN; UNKNOWN GOAT, IN HIS CAPACITY AS INVESTIGATOR FOR THE WILCOX COUNTY SHERIFF'S DEPARTMENT; GEORGE E. ESTES, III; ESTES AND ESTES, P.A.; SANGERNETTA MASON, IN HER CAPACITY AS EXECUTRIX; PATRICIA ANN MASON-ROBINSON, IN HER CAPACITY AS EXECUTRIX; and LYNDA FAYE MASON-TERRY, IN HER CAPACITY AS EXECUTRIX** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING GOAT WITHOUT PREJUDICE**

BEFORE THE COURT is Defendant Unknown Goat's[1] [94] Motion to Quash Service of Process, or in the Alternative Motion to Dismiss. *Pro se* Plaintiff Melvin

---

[1] Attorney John B. Turner, Jr., brings this motion "on behalf of putative pseudonymous defendant 'Unknown Goat.'" (Goat's Mot. to Quash at 1).

Mason initiated this action alleging, among other things, that he was subject to an unlawful search and seizure. Goat argues (1) service of process was improper, (2) the Court lacks personal jurisdiction over him, and (3) the claims against him are barred by *res judicata*. The Court has considered the parties' submissions and the relevant legal authority. The motion is granted.

## FACTS AND PROCEDURAL HISTORY

Plaintiff is an Alabama resident who filed this action alleging a myriad of claims against various Defendants. Pertinent to the instant motion, he filed claims against former Defendants Wilcox County, Alabama Sheriff Prince Arnold, Deputy Willie Moton and Defendant "Unknown Goat, in his capacity as Investigator for the Wilcox County Sheriff's Department." (Compl. at 1). Arnold and Moton filed their [28] Motion to Dismiss and argued there was no personal jurisdiction and the suit was barred by *res judicata*. Furthermore, he alleged that he was incorrectly identified as "Unknown Goat." Plaintiff disputed whether Moton is the same as Goat. The body of the Complaint referred to both him and Moton as separate Defendants. The Court dismissed Arnold, Moton, and the official capacity claim against Goat without prejudice, finding a lack of personal jurisdiction over these Alabama Defendants.

While Moton still argues that he is Goat, the instant motion was brought, on behalf of the "putative" Unknown Goat in his individual capacity.

## DISCUSSION

First, the Court notes that the Complaint alleges claims against Goat and alleges he is a separate individual from Moton. There is no evidence to the contrary,

2

so the Court must accept this allegation as true for purposes of this Rule 12 motion.

The Complaint alleges claims against Goat in his individual capacity. Plaintiff asserts federal civil rights and state law claims against this putative defendant for the way he handled a series of disputes between Plaintiff and Defendant Sangernetta Mason. Further, he alleges that Goat and Sangernetta conspired, in contravention of 42 U.S.C. § 1985(2), to sabotage Plaintiff's car while he had a case against them in federal court in Alabama.

Goat first argues there is no personal jurisdiction because he is not alleged to have any contacts with Mississippi and it would be unreasonable to require him to defend here. Plaintiff responds that this Court has federal question jurisdiction.

"The plaintiff bears the burden of establishing personal jurisdiction but is required to present only *prima facie* evidence." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). All relevant factual disputes are resolved in Plaintiff's favor. *Id.* In a case asserting both civil rights and state law claims against a nonresident defendant, personal jurisdiction exists (1) where the forum state's long-arm statute can reach him and (2) jurisdiction does not offend the Fourteenth Amendment's Due Process Clause. *Burstein v. State Bar of Cal.*, 693 F.2d 511, 514, 517 (5th Cir. 1982). Like Arnold and Moton, Goat challenges the second inquiry.

The Fourteenth Amendment requires that the exercise of personal jurisdiction "not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 517 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The court must examine "whether the

defendant 'purposefully established minimum contacts in the forum State.'" *Seiferth*, 472 F.3d at 271 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). As the Fifth Circuit explained, "Personal jurisdiction can be general or specific. If a defendant's contacts with the forum state are 'continuous and systematic,' a court may exercise general jurisdiction over any action brought against that defendant." *Seiferth*, 427 F.3d at 271 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). Otherwise, a court may exercise specific jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth*, 472 F.3d at 271.

The Court first examines whether there is specific jurisdiction in this case. This involves a three step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed it[self] of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Id*. The Plaintiff must satisfy the first two prongs. *Id*. Then the burden shifts to Goat "to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id*. It is undisputed that Plaintiff cannot satisfy the second prong. The alleged torts of which he complains occurred solely in Alabama, while this putative Defendant was acting under color of Alabama law, and Plaintiff suffered damages in Alabama. He disclaims any interest in Mississippi. Therefore, there is no specific jurisdiction over Goat.

As for general jurisdiction, Plaintiff alleges absolutely no Mississippi contacts by Goat. The only contacts that are alleged or shown are those in Alabama. Therefore, the Court has no general jurisdiction over Goat either, and he is dismised without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendant Unknown Goat's [94] Motion to Quash Service of Process, or in the Alternative, Motion to Dismiss should be and is hereby **GRANTED.** He is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge